# M. G. BUSTAMENTE AND G. D. BUSTAMENTE *v.* BESCHER, SHULTZ & Co.

1. PROCESS—SERVICE—RETURN.—When a defendant cannot be found and service shall be made by leaving a copy, etc., the return should state that he could not be found, that a copy of the process was left at his usual place of abode with his wife, or some other person above the age of sixteen years, then and there being one of his family. Omitting to state that the person with whom the copy was left was a member of the defendant's family, vitiates the return.

2. SAME.—Appearance of a defendant in a suit, or the prosecution of a writ of error, which is an appearance, operates to cure a defective service or return.

Error to the circuit court of Attala county.   CAMPBELL, J.

*Groves & Turner,* for appellants.

The record does not show that G. D. Bustamente, one of the appellants, " could not be found," nor that M. G. Bustamente, with whom the copy was left by the sheriff for him, was " then and there one of his family," as required by the statute.   Rev. Code, 489, art. 64.

2d. The drawers of the bill of exchange sued on must be notified of its non-payment, by the acceptor, or they will be discharged.   Story on Bills, § 381.

3d. The consideration of a note or draft may be proven and impeached by parol.   Matlock v. Livingston, 9 S. & M., 489.   The accepting of the draft in the terms specified was not attempted to be disputed, nor was it attempted to be proven by parol, that it was payable in ninety days, or any other time, instead of sixty days, as it purported to be, but that in consideration of M. G. Bustamente accepting a draft in *hæc verba,* thereby binding herself for its payment without funds in hand, and paying interest consequent thereon,

she should not be sued thereon under twelve months. It was not sought to impeach the written contract itself, but to establish a collateral contract restraining or merely post- poning its enforcement by suit for a limited time, therein differing from the case of Heaverin v. Donnell, which sought to introduce a condition as an integral part of the contract. 23 Miss. R., 537.

The excluded testimony would have avoided the acceptance on the ground of fraud. Bruner v. Harris, 2 S. & M., 84; Ellis v. Martin, 2 S. & M., 187; Gilliard v. Moore, 10 S. & M., 130. Parol testimony may be admitted to contradict or avoid a prommissory note. 30 Miss., 414–15; Mary Washington Female College v. McIntosh, 37 Miss., 671; 1 Greenleaf's Ev., §§ 322–284.

*G. L. Potter*, on same side.

It was error to take judgment by default against G. D. Bustamente upon the defective service by copy. This return is insufficient in these particulars: It does not show that the copy for him was left with a person then and there being one of his family, nor that she was " willing to receive the same," nor that the defendant could not be found. Rev. Code, 489, art. 64.

The statement, " he not being found," is no reason for an attempt to serve by copy. Such service is only good when defendant " *cannot* be found." The fact that he was not found, does not show that he could not be found; it implies neither search nor enquiry, nor absence of defendant from home; but the other defects are fatal, as has been repeatedly decided.

2d. It was error to try the case as to M. G. Bustamente, without issue on her plea. 3d. It was error to exclude the evidence offered by M. G. Bustamente. It may be true that parol evidence cannot, in general, be offered to vary the effect of an acceptance; but that is not the question here. The case was tried on her plea that the acceptance was procured by " the imposition, fraud, and deception " practiced upon her by the plaintiffs; and the evidence excluded, tended

to prove that plea.   It shows that she had no means or funds of the drawer in her ·hands, and refused to accept on that ground; and also, because the draft matured in sixty days. Plaintiffs urged her to accept, and induced her to do so, by promising that if the draft was not paid, they would not sue her in twelve months.

Thus they practiced upon her to obtain the acceptance, and then broke their bargain.   The draft matured the 21st July, and they sued on the 29th of August, thus showing a purpose to delude her into acceptance, and then extort the money by suit.   This is a domestic bill of exchange, and the defendant may show any "want of lawful consideration or failure of consideration."   Rev. Code, 355, art. 2.

*J. Niles,* for appellee,

Cited the following authorities : Heavelin v. Donnell, 7 S. & M., 246 ; Greenleaf's Ev., §§ 275–281 ; Claiborne v. Planters Bank, 2 How. Miss. Rep., 727.

TARBELL, J. :

This suit was brought to recover the amount of a draft drawn by G. D. Bustamente upon and accepted by Mrs. M. G. Bustamente for $785 55, May 19, 1866.

Several causes of error are assigned—the law as to which is too well settled, and too clear to require review, especially, as the return of the sheriff of service of process is clearly defective, and the judgment, for this cause, will have to be reversed.

The return of the sheriff is in the words and figures following, to-wit :

" Executed personally on M. G. Bustamente by handing her a copy of this writ, and on G. D. Bustamente by leaving a copy for him with his mother, Mrs. M. G. Bustamente, a free white person, above the age of sixteen years, at the usual place of abode of said G. D. Bustamente, he not being found, August 29, 1866.

(Signed)      " JOHN C. LUCAS, Sheriff,<br>
" By C. F. OLDCAP, D. S."

Article 64, sec. 8, p. 489, Rev. Code of 1857, is as follows: " Original process shall be served personally on the defendant, if to be found, and a true copy thereof delivered to him ; if the defendant cannot be found, such process may be served by leaving such copy at his usual place of abode, with his wife, or some free white person above the age of sixteen years, then and there being one of his family," etc.

It is scarcely possible for language to be more explicit. " Original process " must be *served*, which should be done by, 1st. Reading or stating its substance to the defendant, or by allowing him to read it, or at least by exhibiting it, and stating its substance to him, and further; 2d. By also delivering him a copy. If according to this rule the service upon Mrs. Bustamente was defective, it was cured by her appearance in the suit.

G. D. Bustamente, the other defendant, not appearing, may avail himself of any defects in the return which are palpable and fatal.

As to him, the return should have stated, 1st. That he could not be found; 2d. That a copy of the summons was left at his usual place of abode ; 3d. With his wife ; *or* 4th. With some person above the age of sixteen years, *then and there being one of his family, etc.*

Thus tested, the service upon G. D. Bustamente was not even a substantial compliance with the requirements of the Code.

It may serve a healthful purpose to remark, that the accumulation of cases of this character indicates either ignorance or carelessness on the part of sheriffs, and inattention on the part of attorneys in taking judgments without first scrutinizing every paper going into the record. If parties defendant are enabled thus to hinder and delay, if not wholly defeat the collection of just debts; the evil is soonest remedied by holding to the strictest interpretation of the law.

With a view to uniformity of practice, it may be well also to add, that the defendant, G. D. Bustamente, having appeared

in this case by prosecuting this writ of error, another summons will be unnecessary.

The judgment is reversed, and the cause remanded.